IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYLER NICHOLS,**  *Plaintiff,*  v.  **ERIC RUCH, JR., et al.**  *Defendants.* | No. 2:19-cv-00617-JDW |

## **MEMORANDUM**

Not for the first time, the Court faces a reconsideration motion taken from the JoAnne Galloway school of litigation. To wit, a party makes an argument, loses, and then tells the Court that it believes in its position "strenuously." But, just because a party tells the Court how strenuously it feels about its position does not mean the Court will say, "Oh! You strenuously object. Then I'll take some time to reconsider." A Few Good Men (Columbia Pictures 1992). The City of Philadelphia is the latest party to ask the Court for reconsideration on this basis. Its motion fares no better than Lt. Commander Galloway's strenuous objection, though.

The City wants the Court to reconsider its ruling denying the City's summary judgment motion and permitting Tyler Nichols to proceed to trial on a failure-to-discipline claim. A court may reconsider a prior ruling if the moving party shows (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Romero v. Allstate Ins. Co.*, 1 F. Supp.3d 319, 420 (E.D. Pa. 2014). Courts should only grant reconsideration

"sparingly." *Id.* A motion for reconsideration may not be used to give a litigant a "second bite at the apple" on an argument on which it did not prevail the first time. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). "Whatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not." *Id*. The City's Motion fails this test.

The City only invokes the third prong of the reconsideration standard. A "clear error of law" means that the Court based its decision on inapplicable law. That is, a Court either applied precedent that no longer applies or failed to identify a controlling statute or precedent. Disagreement with the way that the Court interpreted an applicable statute, regulation, or precedent does not qualify as an error of law that justifies reconsideration. A "clear error of fact" means that the Court made a factual mistake when it rendered its decision. That is, the Court either made a finding of fact that the record contradicts or overlooked a fact that the record establishes. Disagreement with the way the court interpreted the facts before it, or with the facts that the Court credited, does not qualify as an error of fact that justifies reconsideration.

The City does not identify an error of fact or law on which it bases its Motion. Instead, it just disagrees with the way that the Court applied the law to the facts. In effect, the City wants the Court to go back and rethink what it already did. But that is not a basis for reconsideration.

The Court has also reviewed the City's arguments to determine whether they identify a manifest injustice. In fact, the City's arguments do not even demonstrate that

2

the Court erred, let alone that an error caused a manifest injustice. The City's arguments are wrong for two reasons.

*First*, the Court did not, as the City suggests, base its decision just on the fact that Officer Ruch faced unsubstantiated complaints. The Court based its decision on the Philadelphia Police Department's own determination that the number of complaints about Officer Ruch in a short time frame set off an alarm and triggered the PPD's early intervention program. So PPD itself thought there might be a problem. But even though PPD thought there might be a problem and intervened, Officer Ruch continued to receive similar complaints. A reasonable factfinder could conclude that PPD should have done more to discipline Officer Ruch after it identified him as a potential problem, particularly as he continued to generate complaints.

*Second*, the City's arguments based on the Court's determination about the lack of evidence to support Mr. Nichols's failure-to-investigate claim would render a failure-to-discipline claim a mere corollary of a failure-to-investigate claim. While there are similarities between the two, they are distinct claims, and a finding about a failure-to-investigate claim does not necessarily apply to a failure-to-discipline claim. It certainly is not the due process problem that the City posits.

## CONCLUSION

Reconsideration is not a chance to tell a Court that it was wrong. It is a narrow remedy to tell a Court that it missed something. Where, as here, a reconsideration motion just asks a court to rethink its analysis, it fails at the outset. The Court will deny the City's Motion. An appropriate Order follows.

3

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

February 26, 2021